IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

A.J., a minor female by and through her next friend
and biological mother, Andrea Jamerson,

       Plaintiff,

v.

THE COMMONWEALTH OF VIRGINIA,        CIVIL ACTION No. 3:21-cv-532

and

SUPERINTENDENT, COL. GARY T. SETTLE,
in his individual capacity,

and

VIRGINIA STATE POLICE TROOPER BOELT,
in his individual capacity,

and

JOHN DOE(S) 1-20, (inclusive),
in their individual capacity,

       Defendants.

_____

**COMPLAINT FOR DAMAGES OF CIVIL RIGHTS AND DEMAND FOR JURY TRIAL**

       The minor Plaintiff, A.J., a minor female by and through her next friend and biological mother, Andrea Jamerson ("A.J."), for her Complaint against Defendants Commonwealth of Virginia (the "Commonwealth"), Superintendent, Colonel Gary T. Settle ("Col. Settle), in his individual capacity, Virginia State Police Trooper BOELT ("Trooper BOELT"), in his individual capacity, and John DOE(S) 1-20 (inclusive)(the "DOE(S)"), in their individual capacities, alleges as follows:

## INTRODUCTION

1. This civil rights action seeks compensatory and punitive damages from the Defendants for violating various rights under the United States Constitution and state law in connection with an early morning raid conducted at the minor child's home in Powhatan County, Virginia by members of the Virginia State Police's Special Weapons and Tactics ("SWAT") Team.

## PARTIES

2. At all relevant times, A.J. is a minor female child residing in Powhattan County, Virginia. A.J. sues through her biological mother, and next friend, Andrea Jamerson.

3. At all relevant times, the Commonwealth is/was the legal entity responsible for itself and for the Virginia State Police ("VSP"). The Commonwealth employs Col. Settle, Trooper BOELT and John DOE(S) 1 through 20. Defendant VSP is and was a duly organized public entity, form unknown, existing under laws of the Commonwealth of Virginia.

4. Upon information and belief, at all relevant times mentioned herein, VSP employed Col. Settle, Trooper BOELT and John DOE(S) 1 through 20 as supervisorial officers and managerial and policy making employees of the VSP. All of the Defendants are residents of the Commonwealth of Virginia. They are being sued in their individual capacities for damages only.

5. At all relevant times, Defendant Col. Settle was the Superintendent of the VSP.

6. At all times relevant, Defendants Trooper BOELT and DOE(S) 1through 20 were duly authorized employees and agents of the VSP, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, the VSP.

7. At all times relevant, Defendants Trooper BOELT and DOE(S) 1through 20 were duly appointed officers and/or employees or agents of the VSP, subject to oversight and

2

supervision by VSP officials, including Col. Settle.

8. In performing said acts and failing and omitting to act as hereinafter described, Defendants Col. Settle, Trooper BOELT and DOE(S) 1through 20 were acting on the implied and actual permission and consent of the Commonwealth.

9. At all times mention herein, each and every Defendant was the agent of each and every other VSP Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant.

10. The true names of the Defendants DOE(S) 1through 20, are unknown to the Minor The minor Plaintiff, who therefore sues these Defendants by such fictitious names. The minor Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

11. On August 7, 2020, the minor Plaintiff served her claim for damages on the Commonwealth.

12. The Commonwealth never responded.

## JURISDICTION AND VENUE

13. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in Powhatan County, Virginia.

## FACTS COMMON TO ALL COUNTS

15. On January 6, 2020, at approximately 5:30 a.m., the Jamerson family was awakened when the VSP SWAT team raided and/or stormed their home with machine guns drawn.

16. Upon information and belief, the VSP needed such a show of force, because of an unfounded allegation that A.J.'s father, Mr. Jamerson, might have illegally killed a deer when it was unlawful to do so.

17. After raiding the Jamerson home, Trooper BOELT and DOE(S) 1 through 20 separated the Jamerson family, including nine (9) year old A.J. who is now constantly on edge, insecure, and fearful of loud noises.

18. Despite her mother's repeated pleas to get her daughter a blanket because of the sub-freezing temperature of twenty (20) degrees Fahrenheit, Trooper BOELT and DOE(S) 1 through 20 refused to do so.

19. Instead, they placed the entire Jamerson family, including A.J., in separate unheated and unmarked cargo vans.

20. After detaining the entire Jamerson family, including A.J., in these unheated vans in sub-freezing temperatures for approximately one (1) hour, the troopers then led the Jamersons, some of whom were handcuffed, back into their home for interrogation.

21. Trooper BOELT led each interrogation.

22. Trooper BOELT never gave *Miranda* warnings to any member of the Jamerson family.

23. Indeed, none of the Defendants ever gave *Miranda* warnings to any member of the Jamerson family.

24. Trooper BOELT interrogated A.J.'s father, Mr. Jamerson, who was in his

underwear and handcuffed, in front of his children.

25. This interrogation of Mr. Jamerson lasted for one (1) hour.

26. Despite never giving Mr. Jamerson any form of *Miranda* warning, Trooper BOELT repeatedly questioned Mr. Jamerson.

27. While detaining Mr. Jamerson, Trooper BOELT repeatedly maintained that Mr. Jamerson was not allowed to own any form of firearm, because Mr. Jamerson is/was a convicted felon.

28. Eventually, Trooper BOELT learned about the restoration of Mr. Jamerson's rights, thus authorizing him to own a gun.

29. Clearly, based on the above, Trooper BOELT and DOE(S) 1 through 20 unlawfully seized and unconstitutionally questioned Mr. Jamerson. They did so in front of Mr. Jamerson's children, including A.J.

30. After unconstitutionally interrogating Mr. Jamerson, Trooper BOELT turned his attention to A.J.'s mother, Mrs. Jamerson.

31. Again, no *Miranda* warning was given.

32. Trooper BOELT asked the following: (a) Why does your husband hunt with all black people?; (b) Why do you buy your husband guns?; (c) Where does your husband work? and (d) How does he get to work?

33. The unconstitutional questioning of Mrs. Jamerson lasted for thirty (30) minutes. This interrogation was again done in front of the Jamerson children, including A.J.

34. During the interrogation, Trooper BOELT then declared he was investigating the illegal killing of eight (8) deer on Ballsville Road in Powhatan County, Virginia.

35. Trooper BOELT stated he knew Mr. Jamerson had killed the deer and that he was

going to prove that Mr. Jamerson did so.

36. This repeated harassment and unconstitutional behavior did not end until Mrs. Jamerson advised Trooper BOELT about the restoration of Mr. Jamerson's rights and by showing Trooper BOELT the appropriate paperwork.

37. At all relevant times mentioned above, Defendant DOE(S) 1 through 20 did nothing to stop the unconstitutional questioning of Mr. and Mrs. Jamerson and the unconstitutional seizure of the entire Jamerson family, including A.J.

38. Again, the Jamerson children, including A.J., witnessed their parents being unconstitutionally questioned and unlawfully seized by Trooper BOELT and Defendants 1 through 20. They were awakened, handcuffed and dragged into the sub-freezing cold of morning into an unheated van which has left indelible marks on their mental health that they will carry with them for quite some time.

39. The interrogation of their half-naked and handcuffed father in front of them only exacerbates their anxiety.

40. Trooper BOELT's and DOE(S) 1 through 20's conduct violated the Jamerson's civil rights, including substantive violations of certain U.S. Constitutional rights as well as State Common Law claims.

## COUNT I

**Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)**

41. The minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 40 of her Complaint as if set forth verbatim.

42. Defendants Trooper BOELT and DOE(S) 1 through 20 caused the minor Plaintiff to be detained in violation of her right to be secure in her person against unreasonable searches

and seizures as guaranteed to her under the Fourteenth Amendment to the Unite States Constitution and applied to state actors by the Fourteenth Amendment.

43. As a result of the conduct of Trooper BOELT and DOE(S) 1 through 20, they are liable for the minor Plaintiff's injuries because they were integral participants to the violation of her rights.

44. These Defendants detained and/or seized the minor Plaintiff, who is now constantly on edge, insecure, and fearful of loud noises, in sub-freezing temperature without reasonable suspicion or probable cause.

45. The conduct of Trooper BOELT and Defendant DOE(S) 1 through 20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the minor Plaintiff.

46. Therefore, these Defendants' behavior warrants the imposition of exemplary and punitive damages as to each and every one of them.

47. Accordingly, Defendants Trooper BOELT and DOE(S) 1 through 20 are each liable to the minor Plaintiff for compensatory and punitive damages.

48. The minor Plaintiff also seeks attorney fees under this claim.

## COUNT II

### Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)

49. The minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 48 of her Complaint as if set forth verbatim.

50. Trooper BOELT's and Defendant DOE(S) 1 through 20's unjustified detention of the minor Plaintiff deprived her of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

51. The unreasonable use of force by Defendants Trooper BOELT and DOE(S) 1 through 20 deprived the minor Plaintiff of her right to be secure in her person against unreasonable searches and seizures as guaranteed to her under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

52. As a result, the minor Plaintiff suffered extreme mental and physical pain and suffering. Here, the minor Plaintiff now calls for Mr. Jamerson when she hears loud noises, has trouble sleeping, has anxiety and has depression.

53. As a result of the conduct of Trooper BOELT and Defendants 1 through 20, they are liable for the minor Plaintiff's injuries because they were integral participants in the excessive force.

54. Specifically, they detained the minor Plaintiff in sub-freezing temperature in an unheated cargo van. These Defendants also forced the minor Plaintiff to witness her parents being interrogated with her father being forced to kneel in nothing but his underwear and handcuffed.

55. This use of force was excessive and unreasonable under the circumstances. Defendants' actions thus deprived the minor Plaintiff of her right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

56. The conduct of Trooper BOELT and DOE(S) 1 through 20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the minor Plaintiff therefore warranting the imposition of exemplary and punitive damages as to each one of them.

57. The minor Plaintiff seeks attorney fees under this claim.

## COUNT III

### Unconstitutional Custom or Policy (42 U.S.C. § 1983)

58. The minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 57 of her Complaint as if set forth verbatim.

59. On and for some time prior to January 6, 2020 (and continuing to the present date), the Commonwealth and Col. Settle deprived the minor Plaintiff of her rights and liberties secured to her by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of the minor Plaintiff and of any persons in their class, stipulation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom , policy, and practice of:

(a) Employing and retaining as State Troopers and other personnel, including Trooper BOELT and DOE(S) 1 through 20, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written VSP policies;

(b) Of inadequately supervising, training, controlling assigning, and disciplining State Troopers, who these Defendants know or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train State Troopers, including Trooper BOELT and DOE(S) 1 through 20 and failing to institute appropriate polices, regarding the use of excessive force and the mental and physical abuse of minor children;

(d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Trooper BOELT and DOE(S) 1 through 20 were done with

a deliberate indifference to individuals' safety and rights; and

    (f)    Of totally inadequately training State Troopers and other personnel, including Trooper BOELT and DOE(S) 1 through 20 with respect to the detention of minor children.

    60.    By reason of the aforementioned policies and practices of Trooper Bold and DOE(S) 1 through 20, the minor Plaintiff was severely injured and subjected to pain and suffering.

    61.    Defendants Commonwealth and/or Col. Settle, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of the minor Plaintiff, and other individuals similarly situated.

    62.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and wrongful acts, these Defendants acted with intentional, reckless, and callous disregard for the safety and well-being of the minor child, and her constitutional rights. These Defendants' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

    63.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOE(S) 1-10, were affirmatively linked to and were a significantly influential force behind the injuries of the minor Plaintiff.

    64.    By reason of the aforementioned acts and omissions of these Defendants, the minor Plaintiff has been injured and/or damaged.

    65.    Accordingly, these Defendants are liable to the minor Plaintiff for compensatory

damages under 42 U.S.C. § 1983.

66. The minor Plaintiff seeks compensatory and punitive damages under the Count.

67. The minor Plaintiff also seeks attorney fees under this claim.

## COUNT IV

### Failure to Train (42 U.S.C. § 1983)

68. The minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 67 of her Complaint with the same force and effect as if set forth verbatim.

69. While acting under the color of state law and within the course and scope of their employment as State Troopers and/or officers for the VSP, Trooper BOELT and DOE(S) 1 through 20, unlawfully detained the minor Plaintiff in sub-freezing temperature in nothing but her pajamas. They deprived the minor Plaintiff of her rights and liberties secured to her by the Fourth and Fourteenth Amendments, including her right to be free from unreasonable search and seizure.

70. The training policies of the Commonwealth's police department, the VSP, were not adequate to train its Troopers, and other personnel, with regards to the detention of minor children who posed no harm to them. As a result, VSP personnel, including Trooper BOELT and DOE(S) 1 through 20, are not able to handle the usual and recurring situations with which they must deal, including making contact with unarmed individuals. These inadequate training policies existed prior to the date of this incident and continue to this day.

71. The Commonwealth was deliberately indifferent to the known or obvious consequences of its failure to train its police officers, including Trooper BOELT and DOE(S) 1 through 20, adequately with regards to using excessive force. This inadequate training includes detaining minor children in sub-freezing temperature for an extended period of time without any reason or probable cause.

72. The Commonwealth was aware that failure to implement some sort of training with regards to the seizure of minor children would result in continuing to have numerous unreasonable seizures of minor children.

73. The failure of the Commonwealth to provide adequate training with regards to unlawful detention and/or seizure, caused the deprivation of the minor Plaintiff's rights by Trooper BOELT and DOE(S) 1 through 20. In other words, the Defendant's failure to train is so closely related to the deprivation of the minor Plaintiff's rights as to be the moving force that caused the ultimate injury.

74 By failing to provide adequate training to its Troopers, and other personnel, including Trooper BOELT and DOE(S) 1 through 20, the Commonwealth and Col. Settle acted with an intentional, reckless, and callous disregard for the safety and well-being of the minor Plaintiff and the minor Plaintiffs' constitutional rights. These Defendants actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

75. By reason of the aforementioned acts and omissions of these Defendants, the minor Plaintiff was severely injured and/or damaged.

76. The minor Plaintiff also seeks statutory attorney fees under this claim.

## COUNT V

### False Arrest/False Imprisonment (Virginia Common Law)

77. The minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 76 of her Complaint with the same force and effect as if set forth verbatim.

78. Defendants Trooper BOELT and DOE(S) 1 through 20, while working as State Troopers for the Commonwealth, and acting within the course and scope of their duties,

intentionally deprived the minor Plaintiff of her freedom of movement by use of force and unreasonable duress. They detained the minor Plaintiff in a sub-freezing temperature without reasonable suspicion and/or probable cause.

79. The minor Plaintiff did not knowingly or voluntarily consent to her detention or attempted arrest. Upon information and belief, the minor Plaintiff did not feel that she was free to leave as she was awakened, separated from her parents and siblings and placed in an unheated metal van. By doing this, Trooper BOELT and DOE(S) 1 through 20, deprived the minor Plaintiff, who was not a threat to them, of her liberty without justification.

80. Further, Defendants Trooper BOELT and DOE(S) 1 through 20 did not have probable cause to detain the minor Plaintiff in the way that they did.

81. The conduct against the minor Plaintiff by Trooper BOELT and DOE(S) 1 through 20 is a substantial factor in causing the harm of the minor Plaintiff.

82. The Commonwealth and Col. Settle are vicariously liable for the wrongful acts of Trooper BOELT and DOE(S) 1 through 20.

83. The conduct of Trooper BOELT and DOE(S) 1 through 20 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the minor Plaintiff, entitling her to an award of exemplary and punitive damages.

## COUNT VI

### Gross Negligence (Virginia Common Law)

84. The minor Plaintiff repeats and realleges each and every allegation in Paragraph 1 through 83 of her Complaint with the same force and effect as if set forth verbatim.

85. The actions and inactions of the Defendants were negligent, including but not limited to:

    (a)    the failure to properly and adequately train employees, including Trooper BOELT and DOE(S) 1 through 20, with regards to detaining minor children;

    (b)    the failure to properly and adequately assess the need to detain, arrest, and use force against minor children;

    (c)    the handling of the situations with minor children;

    (d)    the negligent detention, arrest, and use of force against minor children;

    (e)    the failure to provide proper care for a minor child in sub-freezing temperature; and

    (f)    and the failure to properly train and supervise employees, both professional and non-professional, including Trooper BOELT and DOE(S) 1 through 20.

86.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, the minor Plaintiff was caused to suffer severe injury and damage.

87.    In addition, as a direct and proximate result of Defendants' conduct as alleged above, the minor Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.

88.    The Commonwealth and Col. Settle are vicariously liable for the wrongful acts of Trooper BOELT and DOE(S) 1 through 20.

## PRAYER FOR RELIEF

WHEREFORE, the minor Plaintiff, by her biological mother and next friend, prays for the following relief:

    A.    For compensatory damages in excess of $1,500,000.00;

    B.    For punitive damages in the amount of $350,000.00;

    C.    For interest;

    D.    For reasonable costs of this suit and attorneys' fees; and

E.        For such further other relief as the Court may deem just, proper, and appropriate.

## **DEMAND FOR JURY TRIAL**

The minor Plaintiff demands a trial by jury on all issues within this Complaint.

DATED:

                                                                           Respectfully submitted,

                                                                           By Counsel

_____/s/_____
Donald J. Gee (VSB No. 26011)
Curtis M. Hairston, Jr. (VSB No. 28093)
Vanessa E. Hicks, Esq. (VSB No. 30077)
Brian K. Telfair (VSB No. 40516)
The Gee Law Firm, P.C.
6029 Midlothian Turnpike
Richmond, Virginia 23225
(804) 226 – 4111 (Phone)
(804) 864-5292 (Fax)
DGee@GeeLawFirm.com
CHairston@GeeLawFirm.com
BTelfair@GeeLawFirm.com
*Counsel for the minor Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on ____th day of August, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send notification of such filing to the following in the manner indicated:

(Via Electronic Mail ***Service@oag.state.va.us***):

Hon. Mark R. Herring,
Attorney General for the Commonwealth of Virginia
Attorney General's Office
202 North Ninth Street
Richmond, VA 23219

(Via U.S. Mail, Postage Pre-Paid)

Colonel Gary T. Settle,
Superintendent's Office – Virginia State Police
P.O. Box 27472
Richmond, VA 23261

(Via U.S. Mail, Postage Pre-Paid)

Trooper W.M. Boelt
Virginia State Police – Area 6 Office
75 Anderson Hwy
Powhatan, VA 23139


_____/s/_____
Brian K. Telfair, Esq. (VSB No. 40516)
The Gee Law Firm, P.C.
6029 Midlothian Turnpike
Richmond, Virginia 23225
(804) 226 – 4111 (Phone)
(804) 864-5292 (Fax)
BTelfair@GeeLawFirm.com (Email)
(804) 226 – 4111 (Phone)
(804) 864-5292 (Fax)
*Counsel for The minor Plaintiff*